Benjamin P. Taylor, Esq. (023868)
**TAYLOR & GOMEZ, LLP**
2600 N. 44th Street, Suite B-101
Phoenix, Arizona 85008
Tel: (602) 325-8007
Fax: (602) 957-3257
bt@taylorgomezlaw.com
Attorneys for Plaintiff

**UNITED STATE DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Darnay Cockrell<br><br>Plaintiff,<br><br>vs.<br><br>City Of Mesa, Officer Helfrich (#25208), & Officer Brown (#24030)<br><br>Defendants. | Case No. CV-25-04535-PHX-JJT<br><br>**AMENDED COMPLAINT**<br><br>**AND JURY DEMAND** |

Plaintiff, through undersigned counsel, for his Complaint against defendants alleges as follows:

1. Plaintiff Darnay Cockrell is a resident of Maricopa County, Arizona.

2. Defendant Officer Helfrich (#25208) is believed to be a resident of Maricopa County, Arizona. Defendant Helfrich is sued in his individual capacity and at all material times was acting under color of state law.

3. Defendant Officer Brown (#24030) is believed to be a resident of Maricopa

County, Arizona. Defendant Brown is sued in her individual capacity and at all material times was acting under color of state law.

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, specifically 42 USCA § 1983.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events, acts, or omissions giving rise to the Plaintiff's claims occurred within the District of Arizona.

## FACTS

6. Plaintiff Darnay Cockrell ("Darnay") briefly dated Nicole Conner ("Nicole") over five years ago and they had a child together. Their daughter is Zaniya Connor ("Zaniya").

7. As early as 2021, Nicole recognized that she was an unsuitable parent and would not be able to care for Zaniya and left Zaniya with Darnay.

8. Nicole is habitual substance abuser. Over the last five years she has been in and out of jail, rehabilitation programs and has lived on the streets for extended periods. This is a continuing pattern in her life.

9. Over the years Nicole has been in only very sporadic contact with Darnay and Zaniya.

10. Upon information and belief, Nicole continues to abuse substances.

11. On the evening of August 5, 2024, Nicole discovered the apartment complex where Darnay and Zaniya resided.

12. Nicole walked through the apartment complex banging on doors and disturbing residents until she found Darnay's apartment.

13. Nicole told Darnay that she was homeless and needed help.

14. Darnay agreed to let Nicole stay the night.

15. Darnay instantly regretted his decision when Nicole asked for money and told Darnay she would be taking Zaniya to the airport to fly to Detroit.

16. Darnay stayed up that night to make sure Nicole did not bother Zaniya.

17. In the morning Darnay told Nicole that Zaniya was not going to Detroit and that Nicole needed to the leave the apartment.

18. Nicole refused to leave and began causing a commotion in the apartment.

19. Darnay called the police.

20. The dispatcher advised Darnay to get away from Nicole and to stay in a separate room because the police would be there shortly.

21. Nicole took Zaniya and fled the residence.

22. Darnay heard silence and went to check on Nicole. Nicole and Zaniya were gone. The dispatcher told Darnay to follow Nicole so he could show the responding officers which direction Nicole and Zaniya were traveling.

23. Frantic that his daughter had been kidnapped by a drug addict, Darnay left his apartment in his slippers and ran down the stairs toward the street.

24. Defendant Helfrich showed up as Darnay was nearly down the flight of stairs.

25. Helfrich repeatedly told Darnay to sit down, sit down on the curb and to relax and calm down.

26. Darnay remained upset because the officer did not appear focused on getting his daughter back. Instead, Helfrich continued telling Darnay to alternately sit down, sit on the grass, lean against the building, and lean on his car.

27. Darnay was standing at the trunk of his car and was texting on his cell phone when defendant Brown also approached Darnay.

28. Defendant Brown and defendant Helfrich then grabbed each of Darnay's wrists.

29. Defendants grabbed Darnay by both wrists.



30. The defendants tried to kick Darnay's feet out from under him.

31. Darnay told the defendants he had recently had surgery and did not want to be put on the ground.

32. Defendants drove Darnay to the ground on his face and then put their knees on his back.



33. The defendants handcuffed Darnay.






34. Once Darnay was handcuffed and seated on the ground in the apartment complex parking lot, Defendant Helfrich stood over him and mockingly and loudly said, "SO WHAT IS GOING ON WITH YOUR BABY MOMMA?"

35. Darnay tried to stand up and Defendant Helfrich pushed Darnay back down and told Darnay, "You brought this on yourself."

36. Darnay remained on the ground in the parking lot while other police units continued to arrive.

37. Ultimately, a sergeant arrived on scene and gave the order to release Darnay.

38. Darnay's watch and necklace were broken.

39. Darnay suffered back and knee injuries.

40. Darnay's employer fired him because of the events. He did not get another job until December.

41. Darnay could not afford rent and had to move out of his apartment.

**COUNT I**
**42 U.S.C. § 1983 – Violation of Fourth Amendment Right to be Free of Unlawful Seizure and Excessive Force**

42. Darnay incorporates all preceding paragraphs as if fully set forth herein.

43. Darnay has a Fourth and Fourteenth Amendment rights to be free from unlawful seizures and from excessive force.

44. Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

45. Defendants acted individually and/or participated in concert and/or set events in motion and/or were integral participants to deprive Darnay of his rights, privileges or immunities secured by US Constitution, including but not limited to the Fourth and Fourteenth Amendments.

46. Defendants had no legal basis, including no reasonable suspicion, to detain Darnay.

47. Defendants also had no probable cause to arrest Darnay.

48. Defendants used excessive and objectively unreasonable force against Darnay in violation of his Fourth and Fourteenth Amendment rights.

49. Defendants knew Darnay's baby had just been taken from him and that Darnay had called the police for assistance.

50. Defendant officers knew that, as Darnay stood by his vehicle texting on his cell phone, he presented no immediate threat, danger or peril to them or anyone else when defendants attacked him, took him to the ground and handcuffed him.

51. Darnay was harmed and suffered damages as a result of defendants' unconstitutional actions, suffering physical injuries and suffering from intangible damages such as humiliation, fear, anxiety, loss of self-esteem.

52. Darnay is entitled to punitive damages because individual defendants' conduct harming Darnay was: (1) malicious in that it was motivated by ill will, or spite, or was for the purpose of injuring Darnay, and/or (2) oppressive in that defendants injured, damaged or otherwise violated the Darnay's rights with unnecessary harshness or severity, by misusing or abusing authority or power, and/or (3) in reckless disregard of Darnay's rights because, under the circumstances, it reflected complete indifference to Darnay's safety or rights, and/or defendants acted in the face of a perceived risk that their actions would violate Darnay's rights under federal law.

**JURY DEMAND**

53. Plaintiff demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. For special damages, including but not limited to current and future medical fees and expenses, lost wages, and other economic losses;

B. For general and compensatory damages, including but not limited to pain and suffering, emotional distress including humiliation, fear, anxiety, loss of self-esteem;

C. For punitive damages against Defendants Helfrich & Brown in an amount sufficient to deter them from such conduct in the future;

D. For taxable costs and pre- and post-judgment interest to the extent permitted by law;

E. For attorneys' fees and costs under 42 U.S.C. § 1988 to the fullest extent permitted by law; and

F. Such other or further relief as the Court deems appropriate.

Dated this 15th day of July, 2026

**TAYLOR & GOMEZ, LLP**

/s/ Benjamin P. Taylor
_________________________
Benjamin P. Taylor
*Counsel for Plaintiff*

Original of the foregoing electronically filed this 15th day of July 2026, with:

Clerk of the United States District Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to ECF registrants.

/s/ Benjamin P. Taylor