Christina Retts, Bar #023798
Suzanne Reed, Bar # 025707
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: cretts@wienekelawgroup.com
Email: sreed@wienekelawgroup.com

*Attorneys for Defendants Brown, and Helfrich*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Darnay Cockrell,<br><br>Plaintiff,<br><br>v.<br><br>City of Mesa, Officer Helfrich (#25208), & Officer Brown (#24030),<br><br>Defendants. | NO. 2:25-cv-04535-JJT<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Officer Kyle Helfrich and Officer Lauren Brown ("Defendants"), by and through undersigned counsel, answer Plaintiff's First Amended Complaint ("Complaint") as follows. Except as expressly admitted herein, Defendants deny each and every allegation of the First Amended Complaint, including any allegation not specifically addressed below:

1. In answering paragraph 1, Defendants admit the allegations.

2. In answering paragraph 2, Defendants admit sentence 1. The remaining allegations call for a legal conclusion to which no response is required and Defendants deny the same.

3. In answering paragraph 3, Defendants admit sentence 1. The remaining allegations call for a legal conclusion to which no response is required and Defendants deny the same.

4. In answering paragraph 4, Defendants admit the allegations but deny liability.

5. In answering paragraph 5, Defendants admit the allegations but deny liability.

**FACTS**

6. In answering paragraph 6, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

7. In answering paragraph 7, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

8. In answering paragraph h 8, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

9. In answering paragraph 9, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

10. In answering paragraph 10, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

11. In answering paragraph 11, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants

affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

12. In answering paragraph 12, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

13. In answering paragraph 13, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

14. In answering paragraph 14, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

15. In answering paragraph 15, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

16. In answering paragraph 16, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

17. In answering paragraph 17, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

18. In answering paragraph 18, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

19. In answering paragraph 19, Defendants admit the allegations.

20. In answering paragraph 20, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same.

21. In answering paragraph 21, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

22. In answering paragraph 22, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

23. In answering paragraph 23, Defendants lack sufficient information to form a belief regarding the truth of the allegations and therefore deny the same. Defendants affirmatively allege that the Plaintiff and Ms. Connor were not married when the child was born and there was no legal custody determination in favor of the Plaintiff at the time of the incident.

24. In answering paragraph 24, Defendants deny the allegations and affirmatively allege that the body camera video, incorporated by reference, which was attached as Ex. 1 to Defendant's Motion to Dismiss, accurately depicts this encounter.

25. In answering paragraph 25, Defendants admit the allegations and affirmatively allege that the body camera video, incorporated by reference, which was attached as Ex. 1 to Defendant's Motion to Dismiss, accurately depicts the entirety of the context of this encounter, including the Plaintiff's statements back to the Officer.

26. In answering paragraph 26, Defendants lack sufficient information to form a belief regarding the truth of the allegations in sentence 1 and therefore deny the same. Defendants admit the allegations in sentence 2 and affirmatively allege that the body camera video, incorporated by reference, which was attached as Ex. 1 to Defendant's Motion to Dismiss, accurately depicts the entirety of the context of this encounter, including the Plaintiff's statements back to the Officer.

27. In answering paragraph 27, Defendants admit the allegations generally but deny that this allegation represents the complete context and affirmatively allege that Plaintiff digging in the trunk represented an officer safety concern and he was instructed not to do so.

28. In answering paragraph 28, Defendants admit only that the officers eventually grabbed Plaintiff's wrists, but that the body camera video, incorporated by reference, which was attached as Ex. 1 to Defendant's Motion to Dismiss, accurately depicts the entirety of the context of this encounter.

29. In answering paragraph 29, Defendants admit only that the officers eventually grabbed Plaintiff's wrists, but that the body camera video, incorporated by reference, which was attached as Ex. 1 to Defendant's Motion to Dismiss, accurately depicts the entirety of the context of this encounter.

30. In answering paragraph 30, Defendants deny the allegations.

31. In answering paragraph 31, Defendants deny the allegations.

32. In answering paragraph 32, Defendants deny the allegations.

33. In answering paragraph 33, Defendants admit the allegations.

34. In answering paragraph 34, Defendants deny the allegations and affirmatively allege that the body camera video, incorporated by reference, which was attached as Ex. 1 to Defendant's Motion to Dismiss, accurately depicts the entirety of the context of this encounter.

35. In answering paragraph 35, Defendants deny the allegations.

36. In answering paragraph 36, Defendants deny the allegations because they are vague as to time frame. Plaintiff remained seated on the ground on his rear end for only a short period of time.

37. In answering paragraph 37, Defendants admit the allegations.

38. In answering paragraph 38, Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny the same.

39. In answering paragraph 39, Defendants deny the allegations.

40. In answering paragraph 40, Defendants deny the allegations.

41. In answering paragraph 41, Defendants deny the allegations.

**COUNT I**

**42 U.S.C. § 1983 – Violation of Fourth Amendment Right to be Free of Unlawful Seizure and Excessive Force**

42. The allegations in Paragraph 42 do not call for a response from these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

43. The allegations in Paragraph 43 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

44. The allegations in Paragraph 44 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

45. In answering paragraph 45, Defendants deny the allegations.

46. In answering paragraph 46, Defendants deny the allegations.

47. In answering paragraph 47, Defendants deny the allegations.

48. In answering paragraph 48, Defendants deny the allegations.

49. In answering paragraph 49, Defendants deny the allegations.

50. In answering paragraph 50, Defendants deny the allegations.

51. In answering paragraph 51, Defendants deny the allegations.

52. In answering paragraph 52, Defendants deny the allegations.

**JURY DEMAND**

Defendants request a jury trial on all triable issues.

**AFFIRMATIVE DEFENSES**

Defendants set forth the following defenses to Plaintiff's First Amended Complaint. Some of the defenses outlined below are true affirmative defenses (on which Defendants would bear the burden of proof or burden of production); other defenses are outlined for the purpose of placing Plaintiff on notice of the legal defenses that Defendants will assert for the purpose of allowing Plaintiff to fully evaluate his claims as this relates to any future request, by Defendants, for attorneys' fees for any claim that is subject to dismissal by the Court:

1. Defendants incorporate the defenses set forth in their Motion to Dismiss Plaintiff's Complaint, Doc. 12 and the body camera submitted as Ex. 1 to the Motion to Dismiss.

2. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3. Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law as described in *Hunter v. Bryant*, 112 S.Ct. 534 (1991) and *Saucier v. Katz*, 121 S.Ct. 2151 (2001).

4. At all times set forth in the Amended Complaint, Defendants were acting reasonably, in good faith, without malice, and based upon probable cause and/or reasonable suspicion.

5. At all times set forth in the Amended Complaint, Defendants' actions were objectively reasonable under the circumstances then existing.

6. Plaintiff may have failed to mitigate his damages, thus baring or reducing the recovery against Defendants.

7. Plaintiff assumed the risk of injury by acting in direct and intentional violation of Arizona criminal laws, including but not limited to verbally threatening Defendant Helfrich, resisting arrest and action(s) constituting aggravated assault (including shoving past Officer Helfrich and swatting him away), resisted and struggled against lawful efforts of detention, and that Plaintiff acted intentionally and knowingly, jeopardizing his safety and well-being.

8. Defendants allege that the Plaintiff's resistance and force was not legally justified and any injuries sustained were the result of unlawful resistance to Defendants legal and justifiable force.

9. Defendants' use of force was justified and privileged under Arizona's justification statutes, including A.R.S. Title 13, Section 400 et seq., including but not limited to §§ 13-403, 13-409, 13-410, 13-411, 13-413, and under *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris,* 550 U.S. 372 (2007).

10. Defendants did not have reasonable notice, at the time of the incident, that Plaintiff was the legal custodial parent and there had been no paternity action or legal custody arrangement at the time of the incident.

11. Defendants were acting pursuant to a legitimate community caretaking function.

12. Reasonable mistake of fact applies to Defendants' actions and conduct alleged.

13. As a separate defense or in the alternative, Defendants allege that their alleged conduct was not the proximate cause of any injuries, losses, or damages to Plaintiff.

14. Defendants put Plaintiff on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 12(b) of the Federal Rules of Civil procedure, or as otherwise allowed by law.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants deny that Plaintiff is entitled to any relief, including but not limited to the recovery of compensatory damages, punitive damages, or any other type of damages, deny that Plaintiff is entitled to recover any legal fees or costs, and requests that judgment be entered in favor of Defendants and against Plaintiff, that the Defendants be awarded all relief they are entitled under the law, including but not limited to its costs and attorneys' fees pursuant to 42 U.S.C. § 1927, and 42 U.S.C. § 1988.

DATED this 30th day of July, 2026.

WIENEKE LAW GROUP, PLC

By: */s/ Christina Retts*

Christina Retts
Suzanne Reed
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
*Attorneys for Defendants Brown and Helfrich*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John Bain
LLG NATIONAL LAW GROUP AZ, PC
Phoenix Corporate Tower
3003 N Central Avenue - Suite 685
Phoenix, AZ 85012

Benjamin Taylor
TAYLOR & GOMEZ, LLP
2600 N. 44th Street, Suite B-101
Phoenix, Arizona 85008

*Attorneys for Plaintiff*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

By: */s/ Lauren Rasmussen*